Kalia v Rutkin (2018 NY Slip Op 04852)





Kalia v Rutkin


2018 NY Slip Op 04852


Decided on June 28, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2018

Friedman, J.P., Tom, Mazzarelli, Singh, JJ.


7025 102076/10

[*1]Seema Kalia, Plaintiff-Respondent,
v
David Rutkin, Defendant-Appellant.


Anderson Kill P.C., New York (Alan M. Goldberg of counsel), for appellant.



Order, Supreme Court, New York County (Robert D. Kalish, J.), entered April 10, 2015, which, to the extent appealed from, reduced the amount of attorneys' fees defendant was entitled to recover on his counterclaims from $96,792.95 to $47,143.70 and confirmed the JHO's finding that punitive damages were not recoverable, unanimously modified, on the law, to confirm the award of $96,792.95 attorneys' fees recommended by the JHO on defendant's counterclaims, and otherwise affirmed, without costs.
A fair reading of the order referring the matter to the JHO and the transcript from the June 2014 hearing confirm defendant's contention the JHO was instructed to calculate defendant's damages on all of his counterclaims, which included three causes of action for the recovery of attorneys' fees (including those incurred in this litigation). Thus, the JHO properly considered all relevant legal fees in determining the full amount of defendant's counterclaims, and the order should be modified accordingly.
With respect to punitive damages, the IAS court correctly confirmed the recommendation that they were not appropriate in this case. Defendant has not alleged conduct in support of his defamation counterclaim that was sufficiently willful, wanton, or reckless (Home Ins. Co. v American Home Prods. Corp. , 75 NY2d 196, 204 [1990]). Defendant's other counterclaims — including for breach of the warranty of habitability and constructive eviction — were similarly insufficient to establish his entitlement to punitive relief (see e.g. Ghadamian v Channing , 295 AD2d 127 [1st Dept 2002]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 28, 2018
CLERK